**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lawrence V. Clinkscale,

Plaintiff,

vs.

C.O. Brown, et al.,

Defendants.

No. CV 11-1792-PHX-RCB (DKD)

**ORDER**

Plaintiff Lawrence V. Clinkscale, who is confined in the Arizona State Prison Complex, Special Management Unit I (SMUI), in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. Plaintiff also filed a motion for appointment of counsel. (Doc. 5.) The Court will grant Plaintiff 60 days from the filing date of this Order in which to file a notice of substitution of the actual names of unknown Defendants John Doe I, II, and III. Otherwise, the Court will order Defendants Brown to answer Count I of the Complaint and will dismiss the remaining Defendants and claims without prejudice. Plaintiff's motion for appointment of counsel will be denied.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).

The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III. Complaint**

Plaintiff alleges two counts for excessive use of force and violation of due process. Plaintiff sues the following current or former employees of the Arizona Department of Corrections (ADC): Director Charles L. Ryan, Deputy Warden Ron Credio, Associate Deputy Warden Bradley, Corrections Officers Brown, and John Does I, II, and III. Plaintiff seeks compensatory and punitive damages.

Plaintiff alleges the following facts in his Complaint: Plaintiff is Black and a convicted sex offender. On November 4, 2009, Defendants Brown and Does I, II, and III, called Plaintiff racially offensive names. Brown then ordered Plaintiff to "get in the dirt," i.e., to get on his knees; Plaintiff's hands had already been cuffed behind his back. Plaintiff "immediately" complied with Brown's order. Brown then kicked Plaintiff in the back causing him to "slam" into the gravel and ordered an unmuzzled guard dog to "attack" Plaintiff. While the dog was biting Plaintiff, Brown punched and kicked Plaintiff and the Doe Defendants held Plaintiff down and joined in kicking and punching Plaintiff. Plaintiff suffered dog bites, scrapes, and cuts to his neck, head, face, back, and left arm.

On November 5, 2009, and March 31, 2010, Defendant Credio refused to provide the names of the officers involved with the November 4 incident to Plaintiff. On December 4, 2009 and February 23, 2010, Defendant Bradley also refused to provide the names of the officers to Plaintiff. On March 31, 2010, Defendant Ryan denied Plaintiff's request for the names of the officers.

**IV. Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.

Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Further, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). In addition, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Further, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589LJODLBP, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

Plaintiff alleges that Defendants Ryan, Credio, and Bradley violated his right to due process by refusing to provide the names of the officers involved in the November 4, 2009 incident to Plaintiff. Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976). A prisoner may challenge a disciplinary action which deprives or restrains a state-created liberty interest in some "unexpected manner." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Sandin, 515 U.S. at 483-84)). But, a claim that prison officials "added things" to an appeal to mask procedural errors does not, for example, meet this standard because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Id. (citing Mann, 855 F.2d at 640).[1]

Plaintiff does not allege that any disciplinary charge was made against him or that he was denied any right in connection with any disciplinary proceeding.[2] Rather, Plaintiff contends that Defendants Ryan, Credio, and Bradley refused to tell him the names of the officers involved with the November 4, 2009 incident absent a valid discovery request. These Defendants' refusals to provide that information to Plaintiff did not constitute an

---

[1] In analyzing whether a hardship is atypical and significant, three guideposts to consider are: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. Ramirez, 334 F.3d at 861; Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996). To determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."' Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486). Plaintiff has not alleged any deprivation or restriction in which a state might conceivably create a liberty interest.

[2] Procedural due process safeguards in a prison disciplinary hearing require that the defendant receive: (1) written notice of the charges, no less than twenty-four hours prior to the hearing; (2) a written statement by the fact-finder as to the evidence relied on and reasons for the disciplinary action and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the defendant to do so. Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974)

atypical or significant hardship in relation to the ordinary incidents of prison life. Moreover, as discussed below, Plaintiff will be afforded the opportunity to learn these officers' names through discovery. Because Count II fails to state a constitutional violation against Ryan, Credio, or Bradley, both it and these Defendants will be dismissed.

**V. Claims for Which an Answer Will be Required**

In Count I, Plaintiff sufficiently alleges claims against Defendants Brown and Does I, II, and III for the excessive use of force against him.[3] Defendant Brown will be required to respond to that count.

**VI. Service on the Doe Defendants Cannot Be Effected at this Time**

As noted above, Plaintiff sufficiently states a claim in Count I against the three Doe Defendants. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant. Thus, although Plaintiff has alleged claims with enough specificity against the Doe Defendants to require an answer, the Court cannot direct that service be made on the Doe Defendants at this time.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 60 days in which to discover the actual names of the Doe Defendants, through *subpoena* or otherwise, and to substitute their actual names by filing a "notice of substitution." See Wakefield, 177 F.3d at 1163. Failure to timely file a notice of

---

[3] To the extent that Plaintiff complains of verbal abuse or harassment, he fails to state a claim. Verbal harassment or abuse alone does not rise to a constitutional level. Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)).

substitution will result in the dismissal of the Doe Defendants without prejudice.

## VII. Motion for Appointment of Counsel

As noted above, Plaintiff has filed a motion for appointment of counsel. (Doc. 5.) Plaintiff seeks the appointment of counsel because his imprisonment and limited access to legal resources, and knowledge of the law, will make it difficult for him to litigate this case. He also alleges that he is indigent and has been unable to retain counsel. Counsel is only appointed in a civil rights action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331; see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017. This case does not present exceptional circumstances warranting the appointment of counsel. Accordingly, Plaintiff's request for appointment of counsel will be denied.

## VIII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Plaintiff's motion for appointment of counsel, filed on September 12, 2011, is **denied.** (Doc. 5.)

(4) Count II and Defendants Ryan, Credio, and Bradley are **dismissed** without prejudice.

(5) Defendant Brown must answer Count I.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Brown.

(7) Plaintiff must complete[4] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

---

[4] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendant must answer the Complaint or otherwise respond by appropriate

motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14) Plaintiff is granted **60 days** from the filing date of this Order in which to discover by subpoena or otherwise the identities of unknown Defendants Doe I, Doe II, and III, and to file a "notice of substitution" providing the Defendant' name in place of the fictitious names for the unknown correction officers.

(15) The Clerk of Court must issue three subpoenas in blank and send them to Plaintiff.

(14) The Clerk of Court must dismiss Doe I, Doe II, and Doe III for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a "notice of substitution" of parties within 60 days from the filing date of this Order.

(15) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 28th day of October, 2011.

Robert C. Broomfield
Senior United States District Judge