**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lawrence V. Clinkscale, | ) | No. CV 11-1792-PHX-RCB (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| C.O. Brown, et al., | ) | |
| Defendants. | ) | |

Plaintiff Lawrence V. Clinkscale, who is confined in the Arizona State Prison Complex, Special Management Unit I (SMUI), in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On October 28, 2011, the Court ordered service of the Complaint on Defendant Brown. (Doc. 6.) In the same Order, the Clerk of Court was ordered to issue subpoenas in blank to Plaintiff for use to discover the identities of three fictitiously-named Defendants. (Id. at 10.) Subsequently, Plaintiff returned two subpoenas addressed to the Warden of the Arizona State Prison Complex-Eyman and the Director of the Arizona Department of Corrections. (Doc. 8.) In the subpoenas, Plaintiff incorrectly directed the Warden and Director, respectively, to produce requested documents to themselves. (Doc. 8.)

As the Court previously stated, the Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would

not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Rather than order new subpoenas to be issued to Plaintiff by the Clerk of Court, the Court will vacate the portions of its prior Order concerning the Doe Defendants, doc. 6 at 10.

Does I to III, named in Plaintiff's Complaint, will not be served at this time. Plaintiff may use discovery processes to obtain the actual names of Does I to III. If Plaintiff discovers the true identity of these fictitious parties through the discovery process, or otherwise, he may seek leave of the Court to amend his complaint to name the individuals in place of Defendants Doe I to III and effectuate service on those individuals.

**Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED**:

(1) Withdrawing the reference from the Magistrate Judge as to the portion of the October 28, 2011 Order concerning Defendants Doe I, Doe II, and Doe III, doc. 6 at 10.

(2) The portion of the October 28, 2011 Order concerning Defendants Doe I, Doe II, and Doe III is **vacated**. (Doc. 6 at 10.)

Dated this 10th day of November, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

copies of all counsel of record and plaintiff *pro se*