**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lawrence V. Clinkscale, | ) | No. CV 11-1792-PHX-RCB (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| C. O. Brown, et al., | ) | |
| Defendants. | ) | |

Plaintiff Lawrence V. Clinkscale filed this civil rights action under 42 U.S.C. § 1983 against four Arizona Department of Corrections (ADC) employees (Doc. 9).[1] Before the Court is Defendant Brown's Motion to Dismiss (Doc. 18). Plaintiff did not respond to the motion.

The Court will grant the Motion to Dismiss and terminate the action.

**I.    Background**

Plaintiff's single remaining claim arose during his confinement at the Arizona State Prison Complex-Eyman Rynning Unit in Florence, Arizona (Doc. 1 at 1). He alleged the following facts: that on November 4, 2009, Brown and three John Doe Officers called Plaintiff, who is Black, racially insensitive names. Brown then directed Plaintiff to "get in the dirt," i.e., to get on his knees; Plaintiff's hands had already been cuffed behind his back.

---

[1] Upon screening, the Court dismissed Ryan, Credio, and Bradley as Defendants (Doc. 6 at 8).

Plaintiff complied "immediately" with the order, but Brown kicked Plaintiff in the back causing him to "slam" into the gravel. Brown then ordered an unmuzzled guard dog to attack Plaintiff. While the dog was biting Plaintiff, Brown punched and kicked Plaintiff and the Doe Defendants held Plaintiff down and also punched and kicked Plaintiff. Plaintiff suffered dog bites, scrapes, and cuts to his neck, head, face, back, and left arm (id. at 3-3B2. Plaintiff sought monetary damages (id. at 6).

The Court found that Plaintiff's allegations stated an excessive force claim and directed that Brown respond.[2] The Court did not order service on the Doe Defendants and informed Plaintiff that he could seek their true identities through the discovery process and move to amend his pleading to name the individuals (Doc. 9 at 2). Brown filed a Motion to Dismiss (Doc. 18).

## II.   **Motion to Dismiss**

Defendant moves for dismissal on the ground that Plaintiff failed to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. 1997e(a) (id.). In support of his motion, Defendant submits the declaration of Aurora Aguilar, an ADC Hearing Officer, which is supported by ADC Department Order (DO) 802, *Inmate Grievance System,* effective July 13, 2009 (Doc. 18, Ex. A, Aguilar Decl., Attach. 1). Defendant also submits the declaration of Melinda Shalley, the Rynning Unit's Grievance Coordinator, which is supported by DO 802, Director's Instruction (DI) 287, and copies of Plaintiff's grievances (id., Ex. B, Shalley Decl., Attachs. 1-7).

Aguilar declares that her duties include reviewing, investigating, and tracking non-medical grievance appeals (Aguilar Decl. ¶ 1). DO 802 provides a five-step process to grieve an issue: (1) the inmate must first attempt to resolve an issue through informal means, such as discussion with staff; (2) if unsuccessful, the inmate must file an inmate letter; (3) if not satisfied with the inmate-letter response, he may file a formal grievance to the grievance coordinator; (3) if not satisfied with the grievance coordinator's response, the inmate may

---

[2] The Court dismissed Count II—denial of due process—for failure to state a claim (Doc. 6 at 8).

- 2 -

1 file a grievance appeal to the Warden; (4) the inmate may appeal the Warden's response to
2 the ADC Director, whose response is final (Doc. 18, Ex. A, DO 802 §§ 802.02-802.05).
3 Aguilar and Shalley attest that they reviewed their grievance appeal logs; however, there was
4 no record that Plaintiff filed a final grievance appeal to the Director concerning his
5 allegations of excessive force by Brown or the three John Doe Officers (Aguilar Decl. ¶ 6;
6 Shalley Decl. ¶ 9).

7 Defendant submits that based on this evidence, Plaintiff failed to exhaust his
8 administrative remedies for his excessive force claim and his Complaint should be dismissed
9 (Doc. 18 at 5-6).

10 The Court issued an Order notifying Plaintiff of his obligation to respond to
11 Defendant's motion (Doc. 19). This Order informed Plaintiff that if Defendant's motion is
12 granted by the Court, it will end his case (id. at 1). The Order also cited Local Rule of Civil
13 Procedure 7.2(i) in its entirety; this rule provides that a party's failure to respond to a motion
14 may be deemed a consent to the granting of the motion (id. at 2). LRCiv 7.2(i). Plaintiff was
15 given until April 12, 2012 to respond to the Motion to Dismiss (id.).

16 To date, Plaintiff has not filed a response, and the time for responding has expired.

17 **III.   Exhaustion**

18     **A.   Legal Standard**

19 Under the PLRA, a prisoner must exhaust available administrative remedies before
20 bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v.
21 Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about
22 prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered
23 through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a
24 prisoner must complete the administrative review process in accordance with the applicable
25 rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

26 Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus,
27 the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v.
28 Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement

- 3 -

1  in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide
2  disputed issues of fact. Id. at 1119-20.  Further, a court has broad discretion as to the
3  method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's &
4  Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**B.   Analysis**

In his verified Complaint, Plaintiff indicates that administrative remedies were available for his claim and that he fully exhausted his claim (Doc. 1 at 3).  But Plaintiff attached his grievance documents to his pleading, and they do not include a final appeal to the ADC Director (Doc. 1, Attachs.).  Indeed, in his factual recitation, Plaintiff never avers that he filed a grievance appeal to the ADC Director.

Here, the Court finds that Defendant submits evidence that a grievance system was available for Plaintiff's claim (Doc. 18, Ex. A, Aguilar Decl. ¶¶ 3-5).  Further, the attachments to Plaintiff's Complaint confirm that he did not fully exhaust the grievance procedure.  This does not constitute proper exhaustion.  See Woodford, 548 U.S. at 90 (proper exhaustion requires "using all steps that the agency holds out, and doing so properly").

Moreover, in failing to respond to Defendant's motion, Plaintiff did not refute evidence that a grievance system was available and he failed to fully avail himself of that system. On this record, the Court finds that Defendant has met his burden to demonstrate nonexhaustion, and the Motion to Dismiss will be granted.  Because the claim against the John Doe Defendants is the same, they too will be dismissed for failure to exhaust.

**IV.   Lack of a Response**

Alternately, the Court has the discretion under Local Rule of Civil Procedure 7.2(i) to grant Defendant's motion in light of Plaintiff's failure to respond.  As stated, Plaintiff was specifically warned of this possibility in an Order from the Court (Doc. 19).  Plaintiff was also previously warned that failure to comply with any of the Court's Orders could result in dismissal (Docs. 6, 9).

Failure to comply with a district court's local rule is a proper ground for dismissal.

1 Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  But before dismissal on this basis, the
2 Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
3 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
4 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
5 sanctions."  Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).
6 If the court does not consider these factors, the record may be reviewed independently on
7 appeal for abuse of discretion.  Henderson, 779 F.2d at 1424.

8 Here, the first two factors favor dismissal.  "[T]he public's interest in expeditious
9 resolution of litigation always favors dismissal," Yourish v. Cal. Amplifier, 191 F.3d 983,
10 990 (9th Cir. 1999), and the second factor favors dismissal in most cases.  Wanderer v.
11 Johnston, 910 F.2d 652, 656 (9th Cir. 1990).  In the instant case, the Court finds that the
12 public's interest in expeditiously resolving this litigation and the Court's interest in managing
13 the docket weigh in favor of dismissal.  The third factor also favors dismissal.  There is no
14 risk of prejudice to Defendant to grant the motion.

15 Public policy favors disposition of cases on their merits, so the fourth factor weighs
16 against dismissal.  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

17 The final factor requires the Court to consider the availability of less drastic sanctions.
18 Plaintiff was given ample time to respond to Defendant's Motion to Dismiss, which was filed
19 three months ago.  The Court explicitly warned Plaintiff that failure to respond could result
20 in the granting of the motion (Doc. 19).  Plaintiff nonetheless failed to respond or move for
21 an extension.  Thus, in weighing this last factor, the Court finds that dismissal without
22 prejudice is an available and less drastic sanction in this case.

23 In sum, the five-factor analysis supports dismissal for failure to respond to the Motion
24 to Dismiss.  The Court's decision to grant the motion in these circumstances is further
25 supported by the fact that it is premised upon a local rule that expressly permits the Court to
26 summarily grant unopposed motions.  Ghazali, 46 F.3d at 53 ("Only in rare cases will we
27 question the exercise of discretion in connection with the application of local rules"), quoting
28 United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).

Defendant's Motion to Dismiss will therefore be granted based on Plaintiff's failure to respond. See LRCiv 7.2(i).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. 18).

(2) Defendant's Motion to Dismiss (Doc. 18) is **granted**; the Complaint is dismissed without prejudice for failure to exhaust; in the alternative, it is dismissed without prejudice pursuant to Local Rule of Civil Procedure 7.2(i).

(3) The Clerk of Court must enter judgment accordingly.

(4) The docket must reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith and Plaintiff **is not entitled** to *in forma pauperis* status on appeal.

DATED this 20th day of June, 2012.

_____
Robert C. Broomfield
Senior United States District Judge